UNITED STATES DISCTIRCT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**Filed Electronically**

| | |
|---|---|
| SANDRA LYNN GENCO | ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| v. | ) CIVIL ACTION NO. _____ |
| | ) |
| YWCA OF GREATER | ) |
| CINCINNATI, INC. | ) |
| | ) |
| DEFENDANT | ) |
| | ) |

**COMPLAINT**

Comes not the Plaintiff, SANDRA LYNN GENCO, by and through Counsel and for her Complaint states as follows:

1. At all times relevant herein, Plaintiff was a resident of the Commonwealth of Kentucky residing at 1592 Basswood Ct., Florence, KY 41042.

2. At all times relevant herein, Defendant YWCA of Greater Cincinnati, Inc. ("YWCA"), is a business entity conducting business in the State of Ohio and organized and existing under the laws of the State of Ohio; whose principal place of business is 898 Walnut Street, Cincinnati, Ohio 45202.

3. At all times mentioned herein, Plaintiff was employed by Defendant at their Ohio location at 898 Walnut Street, Cincinnati, Ohio 45202.

1

4. Plaintiff entered into an employment relationship with Defendant, as a salaried employee, which lasted from 6/8/1988 to 2/15/2016, or approximately eighteen (18) years.

5. During her time of employment, Plaintiff never received any official reprimands regarding her workplace demeanor or the quality of her work, until Barbara Perez ("Perez") was named Chief Executive Officer of Defendant's company.

6. Plaintiff enjoyed a peaceful work environment, which she thrived in for nearly eighteen (18) years at the YWCA, until Perez became an agent of the YWCA, being named the new Chief Executive Officer on August 1, 2015.

7. Plaintiff was required to reach goals that would have been difficult to meet with an experienced and well-trained staff. These goals were unobtainable with Plaintiff's staff, given that all were hired between June 2015 and December 2015.

8. As a result of the YWCA continually piling new responsibilities on Plaintiff, Plaintiff was required to work hours that far exceeded every other employee, which is highlighted by her 842.72 extra hours in 2013, 1,034 extra hours in 2014, and 1,584.50 extra hours in 2015. Plaintiff was not justly compensated for these hours that greatly exceeded other salaried employees.

9. Plaintiff was forced to work from home and on vacation and was still continually being harassed and penalized by Perez for not reaching impossible deadlines. Plaintiff was also forced to use her "vacation days"

10. Plaintiff experienced a very painful and traumatic accident on October 16, 2015, pictures of which are attached to this Complaint. Plaintiff was still expected to reach the impossible goals set for her, so, at the expense of her health and ability

2

to recover, Plaintiff continued to work excessive hours and continued to be harassed by Perez when goals were not reached.

11. Perez approved vacation and reimbursements for other employees, but refused to allow the same for Plaintiff, even though she was working longer hours than the rest of her co-workers and the denied expenses had been previously approved for three consecutive months, by Perez and on a regular basis prior to Perez being named the chief executive officer. Plaintiff was denied her allotted reimbursement for her cell phone, even though other salaried members of the staff, including Perez, received reimbursements when they submitted requests. In fact, Perez went out of her way to harass Plaintiff by personally dropping off reimbursement checks to Plaintiff, an act that she typically does not do, with Plaintiff's request for reimbursement marked "Denied" and the accompanying reimbursement check ripped into pieces.

12. On or about February 15, 2016, Barbara Perez terminated Plaintiff from her position as Vice President of Finance for the YWCA.

**COUNT I: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

13. Plaintiff fully incorporates Paragraphs one (1) through twelve (12) as though fully restated herein.

14. Perez regularly harassed Plaintiff at work, often requiring her to work harder and longer than other employees.

15. Perez criticized Plaintiff several times via email, with others attached to the email, even though the email had nothing to do with them, in effect breaching Plaintiff's

3

right of confidentiality, in an attempt to humiliate Plaintiff. Perez did not act in the same regard with other employees.

16. Plaintiff made the Chair of the YWCA aware of the above actions of Perez and several other issues which she believed to fall under the YWCA Whistle Blower Policy (contained in the attached "YWCA Summary of Policies,") via letter to Nancy A. Lawson, Chair of the YWCA Board of Directors. Nancy A. Lawson dismissed the issues brought to her attention.

17. As a direct and proximate cause of Perez's constant and intentional harassment and humiliation of Plaintiff in the workplace, which was assented to by the YWCA, Plaintiff sustained severe emotional damages, which culminated in physical damages due to Plaintiff's inability to heal and recover from her traumatic accident referenced above, including, but not limited to, frequent chest pains. Plaintiff is entitled to judgment in an amount beyond the jurisdictional requirements of this Court.

## COUNT II: WRONGFUL TERMINATION

18. Plaintiff fully incorporates Paragraphs one (1) through seventeen (17) as though fully stated herein.

19. Perez retaliated against Plaintiff, upon Plaintiff's disclosure to the YWCA Board of Directors, as discussed in Paragraph sixteen (16). This retaliation ultimately led to Perez's push for Plaintiff to be wrongfully terminated.

20. Perez misrepresented Plaintiff's work ethic and her quality of work to other associates.

21. As a direct and proximate cause of Plaintiff's wrongful termination, she has incurred substantial emotional and monetary damages. Plaintiff is entitled to judgment in an amount beyond the jurisdictional requirements of this Court.

## COUNT III: WORKPLACE DISCRIMINATION

22. Plaintiff fully incorporates Paragraphs one (1) through twenty-one (21) as though fully stated herein.

23. Perez and the YWCA acted with the intent to discriminate against the Plaintiff, based on her age. Since her termination, Plaintiff has been unable to obtain new employment comparable to her position as Vice President of Finance at the YWCA.

24. As a direct and proximate cause of the Defendant's discrimination, Plaintiff suffered significant emotional and monetary damages. Plaintiff is entitled to judgment in an amount beyond the jurisdictional requirements of this Court.

## COUNT IV: FRAUDULENT MISREPRESENTATION

25. Plaintiff fully incorporates Paragraphs one (1) through twenty-four (24) as though fully stated herein.

26. In 2015, Plaintiff requested to Perez that she be permitted to use some of her accrued vacation days, Perez, knowing that she was going to terminate Plaintiff, fraudulently induced Plaintiff to work instead, stating that Plaintiff could carry-over her unused vacation days and use them in 2016.

5

27. As a direct and proximate result of Defendant's fraudulent misrepresentation, Plaintiff was cheated of her vacation time and suffered substantial emotional and monetary damages. Plaintiff is entitled to judgment, including Punitive Damages, in an amount beyond the jurisdictional requirements of this Court.

**WHEREFORE,** Plaintiff, Sandra Lynn Genco, prays for the following relief:

A. Judgment against the Defendant in an amount yet to be determined, but in excess of the jurisdictional limits of this Court;

B. For Punitive Damages in an amount to be determined by the Court;

C. Any and all attorney's fees and costs associated with this proceeding; AND

D. Any and all other relief to which this Court deems just and appropriate.

Respectfully submitted,

**DARRELL A. COX, KBA #82534**
Attorney for Plaintiff
401 Madison Avenue
Covington, Kentucky 41011
(859) 491-9088 telephone
(859) 491 9854 facsimile

6

**VERIFICATION:**

I, SANDRA LYNN GENCO, do hereby verify that I have this ___7___ day of July, 2016, read the foregoing and said facts and statements contained therein are true and correct to the best of my knowledge and belief.

_____
SANDRA LYNN GENCO, Plaintiff


COMMONWEALTH OF KENTUCKY
COUNTY OF KENTON      SS:

SWORN TO, SUBSCRIBED and ACKNOWLEDGED before me, a Notary Public, this ___7___ day of July, 2016, by SANDRA LYNN GENCO, the Plaintiff herein.

My Commission Expires:

___3-7-20___

_____ #552236
NOTARY PUBLIC